■ In the Matter of the Estate of MARTIN STRINGER, Deceased. JOSEPHINE LECRAW et al., Appellants; ROBERT E. LECRAW, Respondent. [638 NYS2d 348] —Appeal by the petitioners from an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated August 1, 1994.

Ordered that the order is affirmed, without costs or disbursements, for reasons stated by Surrogate Emanuelli at the Surrogate's Court. Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.

■ In the Matter of WISNER PROFESSIONAL BUILDING, INC., et al., Appellants, v ZITONE CONSTRUCTION & SUPPLY Co., INC., Respondent. [638 NYS2d 347] —In a proceeding pursuant to CPLR 7511 to vacate an arbitration award dated July 19, 1994, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered November 30, 1994, which, upon denying the petition to vacate the award and granting the respondent's cross application to confirm the award, was in favor of the respondent and against the petitioner in the principal sum of $125,087.57.

Ordered that the order and judgment is affirmed, with costs.

In order to establish entitlement to vacatur of an arbitrator's award pursuant to CPLR 7511 (b) (ii), the petitioners were required to present evidentiary proof of actual bias or the "appearance of bias" on the part of the arbitrator (see, Kornit v Plainview-Old Bethpage Cent. School Dist., 49 NY2d 842). The petitioners have failed to satisfy this standard.

Contrary to the petitioners' contention, the arbitrator issued the award within the 30-day time limit set forth in Rule 41 of the American Arbitration Association Construction Industry Arbitration Rules.

We have reviewed the petitioners' remaining contention and conclude that it is without merit. Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.