■ In the Matter of JOAN FISCHER, Respondent, v SMITHTOWN CENTRAL SCHOOL DISTRICT, Appellant. [691 NYS2d 341] —In a proceeding, *inter alia*, pursuant to CPLR article 75 and Education Law § 3020-a (5), to vacate a determination of a Hearing Officer which sustained charges of neglect and incompetence based on excessive absenteeism and terminated the petitioner's employment, the Smithtown Central School District appeals (1), by permission, from an order of the Supreme Court, Nassau County (McCarty, J.), dated January 6, 1998, which granted the petition to the extent of vacating the hearing officer's determination and remitting the matter for a new hearing, and (2), as limited by its brief, from so much of an order of the same court, dated May 18, 1998, as, upon renewal, adhered to the prior determination. The notice of appeal from the order dated May 18, 1998, is deemed to be an application for leave to appeal and leave to appeal is granted.

Ordered that the appeal from the order dated January 6, 1998, is dismissed, as that order was superseded by the order dated May 18, 1998; and it is further,

Ordered that the order dated May 18, 1998, is reversed insofar as appealed from, on the law, the order dated January 6, 1998, is vacated, the petition is denied, and the proceeding is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appellant brought charges against the petitioner, a tenured teacher, pursuant to Education Law § 3020-a, based on her excessive absenteeism. After a hearing, the Hearing Officer sustained the charges and terminated her employment. The petitioner subsequently commenced this proceeding to vacate the determination and for reinstatement to her position. The Supreme Court granted the petition to the extent of vacating the determination and remitting the matter for a new hearing. We reverse.

The Hearing Officer's determination had a rational basis and is supported by the record. The evidence at the hearing supports the Hearing Officer's conclusion that the petitioner's absences disrupted the educational process and adversely affected her students (*see, Matter of Tranberg,* 32 Ed Dept Rep 34; *Matter of Cuoco,* 31 Ed Dept Rep 95). Further, the petitioner did not demonstrate any basis for vacating the determination pursuant to CPLR 7511 (*see,* Education Law § 3020-a [5]).

In light of our determination dismissing the petition on the merits, it is unnecessary to address the appellant's remaining contentions. The petitioner's contentions are without merit. Ritter, J. P., Altman, Krausman and Florio, JJ., concur.