■ In the Matter of BOARD OF EDUCATION OF THE WESTHAMPTON BEACH UNION FREE SCHOOL DISTRICT, Appellant, v DAVID ZIPARO, Respondent. [712 NYS2d 873] —In a proceeding pursuant to CPLR article 75 to modify a determination of a Hearing Officer made pursuant to Education Law § 3020-a, dated February 3, 1999, which, after a hearing, sustained certain charges against the respondent David Ziparo, suspended him for one year without pay, and conditioned his return to teaching upon a certification of psychiatric fitness, the Board of Education of the Westhampton Beach Union Free School District appeals from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered August 19, 1999, which denied the petition and confirmed the determination.

Ordered that the the judgment is affirmed, with costs.

The Supreme Court properly confirmed the Hearing Officer's determination since the petitioner did not demonstrate any basis for vacating it under CPLR 7511 (*see,* Education Law § 3020-a [5]; *Matter of Roemer v Board of Educ.*, 268 AD2d 479; *cf., Matter of Board of Educ. v Yusko*, 269 AD2d 446). The Hearing Officer's determination has a rational basis and is supported by the record (*see,* CPLR 7511; *Matter of Fischer v Smithtown Cent. School Dist.*, 262 AD2d 560).

The petitioner's remaining contention is without merit. Mangano, P. J., O'Brien, Sullivan and H. Miller, JJ., concur.