■ In the Matter of BOARD OF EDUCATION OF FLORIDA UNION FREE SCHOOL DISTRICT, Appellant, v RONALD DEPACE et al., Respondents. [753 NYS2d 381] —In a proceeding pursuant to CPLR article 75 to modify a determination of a Hearing Officer made pursuant to Education Law § 3020-a, dated May 8, 2001, which, after a hearing, dismissed 13 of 14 charges against Ronald DePace as frivolous and ordered the petitioner to pay 80% of the costs incurred by Ronald DePace and the New York State Department of Education in connection with the hearing, the petitioner appeals from a judgment of the Supreme Court,

Orange County (Peter C. Patsalos, J.), dated August 9, 2001, which, upon an order of the same court, dated July 18, 2001, dismissed the amended petition insofar as it purportedly was asserted against the New York State Department of Education, denied the amended petition insofar as asserted against Ronald DePace, and confirmed the Hearing Officer's determination. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (*see* CPLR 5512).

Ordered that the judgment is affirmed, with one bill of costs.

Initially, as the Supreme Court correctly determined, the amended petition insofar as it purportedly was asserted against the New York State Department of Education was a nullity because the petitioner failed to comply with the requirements of CPLR 401 (*see Matter of Aries Striping v Hurley,* 202 AD2d 578; *Matter of Curcio v Kelly,* 193 AD2d 738, 739; *see also People v Apple Health & Sports Clubs,* 206 AD2d 266, 268; *Vanderbilt Credit Corp. v Chase Manhattan Bank,*100 AD2d 544, 545; *cf. Matter of Aubin v State of New York,* 282 AD2d 919, 920).

The Hearing Officer's determination that the petitioner should pay 80% of the costs incurred by Ronald DePace had a rational basis and was supported by the evidence in the record (*see Matter of Board of Educ. of Great Neck Union Free School Dist. v Brandman,* 286 AD2d 735; *Matter of Board of Educ. of Westhampton Beach Union Free School Dist. v Ziparo,* 275 AD2d 411; *Matter of Fischer v Smithtown Cent. School Dist.,* 262 AD2d 560, 561; *see also Matter of Hanover Ins. Co. v State Farm Mut. Auto. Ins. Co.,* 226 AD2d 533, 534; *Matter of Adams v Allstate Ins. Co.,* 210 AD2d 319, 320; *Matter of Empire Mut. Ins. Co. v Jones,* 151 AD2d 754, 755).

In the light of the foregoing, we need not consider the parties' remaining contentions. Florio, J.P., Friedmann, Adams and Crane, JJ., concur.