◼ In the Matter of WILLIAM HEGARTY, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. [773 NYS2d 611]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated November 25, 2002, which denied the petition and confirmed the arbitration award.

Ordered that the order is affirmed, with costs.

The petitioner, a tenured teacher in Community School District 9 of the City of New York, was charged with violating the rules and regulations of the Board of Education of the City of New York (hereinafter the Board), conduct unbecoming his position, and neglect of duty resulting from his alleged submission of fraudulent time sheets seeking payment for educational services never rendered. After a disciplinary hearing pursuant to Education Law § 3020-a, the charges against the petitioner were upheld and he was dismissed from his employment. The petitioner commenced this proceeding pursuant to CPLR 7511 seeking to vacate the hearing officer's determination on the ground that the hearing officer was biased against him. The Supreme Court denied the petition and confirmed the arbitration award.

Education Law § 3020-a (5) provides that "[t]he court's review shall be limited to the grounds set forth in [CPLR 7511]." The grounds for vacating an award thereunder include, inter alia, misconduct, abuse of power, or procedural defects (CPLR 7511 [b] [1] [i], [iii], [iv]). However, "where, as here, the parties are forced to engage in compulsory arbitration, judicial review under CPLR article 75 requires that the 'award be in accord with due process and supported by adequate evidence in the record' " (*Matter of Bernstein [Norwich City School Dist. Bd. of Educ.]*, 282 AD2d 70, 73 [2001], *lv denied* 96 NY2d 937 [2001], quoting *Motor Veh. Mfrs. Assn. of U.S. v State of New York*, 75 NY2d 175, 186 [1990]; *see Matter of Carroll*, 296 AD2d 755, 756 [2002]; *Matter of Board of Educ. of Westhampton Beach Union Free School Dist. v Ziparo*, 275 AD2d 411 [2000]; *Matter of Curley [State Farm Ins. Co.]*, 269 AD2d 240 [2000]). Moreover, "[a]rbitration awards may not be vacated even if the court

concludes that the arbitrator's interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law, unless it is violative of a strong public policy, is totally irrational, or exceeds a specifically enumerated limitation on his power" (*Matter of Wicks Constr. [Green]*, 295 AD2d 527, 528 [2002]).

The Supreme Court properly determined that the petitioner failed to sustain his burden of establishing that the hearing officer's determination was arbitrary and capricious, or based on misconduct or bias. Contrary to the petitioner's contention, he failed to establish that a letter sent by the Chancellor of the Board to all arbitrators pursuant to Education Law § 3020-a prejudiced this particular hearing officer against the petitioner.

Furthermore, the punishment of dismissal was not so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ.*, 34 NY2d 222 [1974]). Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.