■ In the Matter of DEBORAH SCHWARTZ, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [802 NYS2d 726]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitrator's award, the petitioner appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated February 13, 2003, which denied the petition and granted the cross motion to confirm the award.

Ordered that the order is affirmed, with costs.

Contrary to the petitioner's contention, the arbitrator did not exceed his power in purportedly drawing a negative inference from the petitioner's refusal to testify at the hearing pursuant to Education Law § 3020-a. Indeed, the arbitrator's award specifically indicated that, since the evidence in the record provided sufficient support of its findings and conclusions, it was not necessary to consider the matter of whether it was proper to consider the petitioner's refusal to testify, in reaching its determination, other than to recognize that the absence of the petitioner's testimony necessarily left unrebutted certain testimony adduced on behalf of the respondent.

The petitioner failed to present evidentiary proof of actual bias or the "appearance of bias" on the part of the arbitrator (*see Matter of Wisner Professional Bldg. v Zitone Constr. & Supply Co.*, 224 AD2d 538, 538 [1996]). Accordingly, the petitioner failed to establish entitlement to vacatur of the arbitrator's award pursuant to CPLR 7511 (b) (ii) on the ground of partiality.

The petitioner's remaining contentions are without merit. S. Miller, J.P., Krausman, Goldstein and Covello, JJ., concur.