■ In the Matter of DEBORAH BALIS, Appellant, v CHUBB GROUP OF INSURANCE COMPANIES, Respondent. [855 NYS2d 192]— In a proceeding pursuant to CPLR article 75 to vacate an

arbitration award, the petitioner appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated March 12, 2007, which denied the petition.

Ordered that the order is affirmed, with costs.

The petitioner failed to meet her burden of proof by clear and convincing evidence that any impropriety or misconduct of the arbitrator prejudiced her rights or the integrity of the arbitration process or award (*see Matter of Mounier v American Tr. Ins. Co.*, 36 AD3d 617 [2007]; *Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C.*, 24 AD3d 778 [2005]; *Matter of Westchester Ice Hockey Officials Assn., Inc. v Section One, Inc., of N.Y. State Pub. High School Athletic Assn., Inc.*, 15 AD3d 411 [2005]).

Contrary to the petitioner's contention, the path of analysis, proof, and persuasion by which an arbitrator reaches a conclusion is beyond judicial scrutiny (*see Central Sq. Teachers Assn. v Board of Educ. of Cent. Sq. Cent. School Dist.*, 52 NY2d 918, 919 [1981]).

The petitioner failed to present evidentiary proof of actual bias or the "appearance of bias" on the part of the arbitrator (*Matter of Schwartz v New York City Dept. of Educ.*, 22 AD3d 672, 673 [2005]; *see Matter of Wisner Professional Bldg. v Zitone Constr. & Supply Co.*, 224 AD2d 538 [1996]). Accordingly, the petitioner failed to establish entitlement to vacatur of the arbitrator's award pursuant to CPLR 7511 (b) (ii) on the ground of partiality. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.