In the Matter of GINA TRUPIANO, Respondent, v BOARD OF EDUCATION OF EAST MEADOW UNION FREE SCHOOL DISTRICT, Appellant. [933 NYS2d 106]—

In March 2007, the East Meadow Union Free School District (hereinafter the District) preferred disciplinary charges of misconduct, pursuant to Education Law § 3020-a, against the petitioner, a tenured teacher at Woodland Middle School (hereinafter the school). The charges stemmed from the petitioner's participation in a teachers' union action involving approximately 15 teachers who parked their cars along the street in front of the school just before the start of the school day. The charge specification alleged that this action prevented parents from dropping off their children at the curb in front of the school, and "resulted in children being dropped off in the middle of the street which resulted in an otherwise avoidable and unnecessary health and safety hazard."

Following a hearing pursuant to Education Law § 3020-a, the hearing officer found the petitioner culpable of the charge, and directed that a counseling memo be placed in her personnel file "to put Trupiano on notice [that] she must not engage in *any* potentially harmful behavior." The petitioner then commenced this proceeding pursuant to CPLR 7511 to vacate the hearing officer's determination. The District cross-petitioned to vacate the penalty portion of the determination, inter alia, on the ground that the penalty was inadequate. The Supreme Court concluded that the hearing officer's fact findings did not support his finding of culpability, and thus, there was no rational basis for the determination. We modify.

Where, as here, the parties are compelled to engage in arbitration by statutory mandate (*see* Education Law § 3020-a [5]), "judicial review under CPLR article 75 is broad, requiring that the award be in accord with due process and supported by adequate evidence in the record" (*Motor Veh. Mfrs. Assn. of U.S. v State of New York*, 75 NY2d 175, 186 [1990]; *see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]; *Matter of Hegarty v Board of Educ. of City of N.Y.*, 5

AD3d 771, 772 [2004]). Therefore, such an award here "must have evidentiary support and cannot be arbitrary and capricious" (*Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d 1012, 1013 [2009]; *see Matter of Board of Educ. of Byram Hills Cent. School Dist. v Carlson*, 72 AD3d 815 [2010]; *Matter of Board of Educ. of William Floyd Union Free School Dist. v Lemay*, 60 AD3d 943 [2009]; *Matter of Hegarty v Board of Educ. of the City of New York*, 5 AD3d at 772).

Here, the hearing officer concluded that the undisputed "arrangement of cars in which [the petitioner] participated created a safety hazard. Many students . . . could not be dropped off at curbside. Instead, the cars had to stop in the middle of the road and students had to walk in the road to enter the school." Under these circumstances, there was a rational basis for, and sufficient evidence to support, the hearing officer's conclusion that the petitioner was culpable of the charge preferred against her. Consequently, the Supreme Court erred in granting the petition to vacate the determination on the basis that it was arbitrary and capricious.

While the Supreme Court denied the District's cross petition to vacate the penalty portion of the determination as moot, that court should have denied the cross petition on the merits. The penalty of placement of a counseling memo in the petitioner's personnel file was within the arbitrator's power and did not violate public policy (*see* CPLR 7511 [b] [1] [iii]).

The parties' remaining contentions are without merit. Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.