■ In the Matter of GENEVA AIKEN, Appellant, v CITY OF NEW YORK et al., Respondents. [938 NYS2d 56]—

The evidence sufficiently supports the findings that petitioner,

a secretary, whose duties included entering data into the DOE computers regarding hours worked by staff had entered hours in the system for herself in excess of the hours she was permitted to work, without authorization; that she did not work the additional hours; and that following her reassignment, she improperly reentered the computer system and changed the fraudulent numbers. There exists no basis for disturbing the credibility determinations of the Hearing Officer (*see Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563, 568 [2008]).

Petitioner's denial of knowledge of the limit of hours she was permitted to work was refuted by the testimony of the school principal, petitioner's union representative and a letter of August 15, 2007, signed by petitioner. Such testimony and evidence supports the conclusion that petitioner admitted knowing what her proper hours were, as well as admitting that she had not worked the extra hours which she had given herself.

The conclusion that petitioner had not actually worked those hours was further supported by her inability to explain why she had allegedly used two different sets of time cards for the same days with the first set showing her proper working hours and the second set, which was photocopied and not turned over to DOE until the hearing, purporting to show that she worked the extra hours. The Hearing Officer reasonably concluded that petitioner had fabricated the photocopies of the second set of timecards, particularly since no other documents, such as the original timecards or petitioner's own time sheets, supported the photocopies. Moreover, petitioner did not attempt to dispute that, after being terminated, she reentered the DOE computer and changed her number of hours worked to reflect her proper work hours, in an apparent attempt to cover up her wrongdoing.

The penalty of termination was in accord with due process and was justified by petitioner's actions, particularly where petitioner refused to accept any responsibility for her actions and asserted her innocence in the face of the overwhelming evidence to the contrary (*see Matter of Hegarty v Board of Educ. of City of N.Y.*, 5 AD3d 771 [2004]; *see also Matter of Chaplin v New York City Dept. of Educ.*, 48 AD3d 226 [2008]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 32006(U).]**