In the Matter of BARBARA LUCIA, Appellant, v BOARD OF EDUCATION OF EAST MEADOW UNION FREE SCHOOL DISTRICT, Respondent. [971 NYS2d 6]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated January 7, 2011, made in connection with a compulsory arbitration pursuant to Education Law § 3020-a, which, after a hearing, sustained a charge of miscon-

duct against the petitioner and imposed a fine against the petitioner in the sum of $1,000, the petitioner appeals from an order of the Supreme Court, Nassau County (DeStefano, J.), dated July 1, 2011, which denied the petition.

Ordered that the order is reversed, on the law, with costs, and the petition is granted.

During the 2006-2007 school year, the Board of Education of the East Meadow Union Free School District (hereinafter the District) and the District's teachers' union were engaged in negotiations on a new collective bargaining agreement. As negotiations continued without an agreement, teachers engaged in concerted actions, including weekly picketing in front of the Woodland Middle School (hereinafter Woodland) when students were being dropped off. Woodland encompasses the sixth through eighth grades, and its students generally are between 11 and 14 years old. There were several dropoff points for parents who wished to drive their children to Woodland, one of which was Wenwood Drive, which ran along one side of Woodland. Wenwood Drive is a two-way street, with barely enough room for cars in the two travel lanes to pass each other if cars were parked on both sides. Normally, students would be dropped off on either side of Wenwood Drive, at curbside. Students dropped off on the north side of the street could proceed on the sidewalk to the paths leading to a school entrance. Students dropped off on the south side of the street would have to cross the street to get to school. The District did not employ a crossing guard at Woodland.

As of March 2, 2007, negotiations still had not produced an agreement. On that date, it was raining, so, rather than picket outside, some teachers parked their cars along either side of Wenwood Drive and displayed their signs in their car windows. The teachers who were engaged in this conduct were parked legally, but in locations where parents would usually drop off students. Traffic became very congested and, at times, was not moving at all, so some students got out of cars in travel lanes. No school official asked the teachers to move their cars during the protest, and no child was injured.

The District preferred a disciplinary charge pursuant to Education Law § 3020-a against several teachers, including the petitioner, who, it alleged, had participated in the action on March 2, 2007. The charge against the petitioner alleged that she "intentionally created a health and safety risk by purposely situating her vehicle alongside the curb of Wenwood Drive in front of the Woodland Middle School in order to preclude children from being dropped off at curbside. The action resulted in

children being dropped off in the middle of the street which resulted in an otherwise avoidable and unnecessary health and safety hazard." After an arbitration hearing, the arbitrator determined that the petitioner created a health and safety hazard, and directed that she pay a fine in the sum of $1,000. The petitioner commenced this proceeding challenging the arbitrator's determination. The Supreme Court upheld the finding of misconduct and denied the petition.

Where, as here, arbitration is statutorily required, "judicial review under CPLR article 75 is broad, requiring that the award be in accord with due process and supported by adequate evidence in the record" (*Motor Veh. Mfrs. Assn. of U.S. v State of New York*, 75 NY2d 175, 186 [1990]). "The award must also be rational and satisfy the arbitrary and capricious standards of CPLR article 78" (*id.* at 186; *see Matter of City of Buffalo v Rinaldo*, 41 NY2d 764, 765-767 [1977]). "Due process of law requires . . . that the [arbitrator's determination] under the power conferred by statute have a basis not only in his good faith, but in law and the record before him [or her]" (*Mount St. Mary's Hosp. of Niagara Falls v Catherwood*, 26 NY2d 493, 507 [1970]).

In two other matters involving teachers disciplined for their involvement in the March 2, 2007, protest in front of Woodland, we held that the evidence at the hearing provided a rational basis for the arbitrator's determination that the teachers contributed to the creation of a health and safety hazard, and that the awards were not arbitrary and capricious (*see Matter of Santer v Board of Educ. of E. Meadow Union Free Sch. Dist.*, 101 AD3d 1026 [2012]; *Matter of Trupiano v Board of Educ. of E. Meadow Union Free School Dist.*, 89 AD3d 1030 [2011]). In this proceeding, too, the evidence at the hearing provided a rational basis for the arbitrator's decision, and the award was not arbitrary and capricious (*see Matter of Santer v Board of Educ. of E. Meadow Union Free Sch. Dist.*, 101 AD3d at 1027; *Matter of Trupiano v Board of Educ. of E. Meadow Union Free School Dist.*, 89 AD3d at 1032).

Nonetheless, we hold, for the same reasons as those stated in *Matter of Santer*, that the petition should have been granted. The petitioner's expressive activity regarding collective bargaining issues indisputably addressed matters of public concern (*see Matter of Santer v Board of Educ. of E. Meadow Union Free Sch. Dist.*, 101 AD3d at 1028), and the District failed to meet its burden of demonstrating that the petitioner's exercise of her First Amendment rights so threatened the school's effective operation as to justify the imposition of discipline (*see id.*). Balkin, J.P., Chambers and Hinds-Radix, JJ., concur.

Roman, J., concurs in the result on constraint of *Matter of Santer v Board of Educ. of E. Meadow Union Free Sch. Dist.* (101 AD3d 1026 [2012]), with the following memorandum: In this case, the teachers picketed by parking their cars in a manner which blocked the sidewalk in front of the school and caused children to be dropped off in the middle of the road, requiring them to cross traffic lanes in order to reach the school, and resulted in teachers reporting late to work, leaving students without classroom supervision.

The mandate of the school district to provide for the safety of the children and to ensure the proper functioning of the school is paramount, and overrides any manifestation of First Amendment rights that were embodied in this protest by the teachers (*see Grayned v City of Rockford,* 408 US 104 [1972]; *Lewis v Cowen,* 165 F3d 154, 161-163 [1999], *cert denied* 528 US 823 [1999]). Thus, while I concur in the result reached herein, I do so only on constraint of this Court's precedent.