■ In the Matter of Santo Poidomani, Petitioner, v Nassau Board of Cooperative Educational Services, Respondent. [4 NYS3d 910]—Proceeding pursuant to CPLR article 78 to review a determination of the Nassau Board of Cooperative Educational Services dated September 27, 2012, which adopted the findings of a hearing officer dated August 24, 2012, made after a hearing, that the petitioner was guilty of charges of

misconduct and insubordination, and terminated his employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Pursuant to CPLR article 78, judicial review of an administrative determination made after a hearing required by law at which evidence is taken is limited to consideration of whether that determination is supported by substantial evidence (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]; *Matter of Sica v Walker*, 115 AD3d 869 [2014]; *Matter of Smith v Carter*, 61 AD3d 982 [2009]). Substantial evidence has been defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180).

Here, the determination under review was supported by substantial evidence. Furthermore, the imposed penalty of dismissal was not so disproportionate to the offense committed as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234 [1974]). Skelos, J.P., Leventhal, Cohen and Duffy, JJ., concur.