■ In the Matter of ROBERT S. WEINSTEIN, Appellant, v NEW YORK STATE WORKERS' COMPENSATION BOARD, Respondent. [22 NYS3d 900]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated February 18, 2013, the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Martin, J.), dated October 8, 2013, as granted that branch of the respondent's motion which was to dismiss so much of the petition as sought to vacate the penalty of termination and, in effect, denied that portion of the petition and dismissed that portion of the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The petitioner, a Workers' Compensation Law Judge, was served with a notice of discipline by which the respondent sought to terminate his employment based on three charges of insubordination, two charges of misconduct/incompetence, and three charges of misconduct. The respondent alleged that the petitioner refused to perform his work in a timely and satisfactory manner, and responded to repeated supervisory requests for work in an insubordinate manner. The petitioner, represented by his union, filed a grievance, and the matter was disputed at an arbitration proceeding. The arbitrator found that the respondent had proven seven out of the eight charges and that the penalty of termination was proper. The petitioner thereafter filed a timely petition pursuant to CPLR article 75 to vacate the arbitration award. The Supreme Court granted the respondent's motion to dismiss the petition and, in effect, denied the petition and dismissed the proceeding. The petitioner appeals, contending that the penalty of termination was unduly harsh and disproportionate.

While the excessiveness of a penalty is not one of the enumerated bases upon which an arbitration award may be vacated (*see* CPLR 7511 [b]), where, as here, an arbitration is compulsory, judicial review under CPLR article 75 requires that the award be in accord with due process (*see Matter of Hegarty v Board of Educ. of City of N.Y.*, 5 AD3d 771, 773 [2004]; *Matter of Board of Educ. of Westhampton Beach Union Free School Dist. v Ziparo*, 275 AD2d 411 [2000]). Accordingly, contrary to the respondent's contention, the excessiveness of a penalty is a basis upon which an arbitration award may be vacated (*see Matter of Russo v New York City Dept. of Educ.*, 25 NY3d 946, 948 [2015]; *Matter of Hegarty v Board of Educ. of City of N.Y.*, 5 AD3d at 773).

However, in the instant matter, the penalty of termination was not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see Matter of Poidomani v Nassau Bd. of Coop. Educ. Servs.*, 127 AD3d 978, 979 [2015]; *Matter of Bosch v City of Middletown, N.Y.*, 127 AD3d 855, 855 [2015]; *Matter of Martin v Board of Trustees of the Vil. of Pelham Manor*, 86 AD3d 645, 646 [2011]; *Matter of Gibbons v New York State Unified Ct. Sys., Off. of Ct. Admin.*, 78 AD3d 942, 944 [2010]; *see also Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]). As the arbitrator rationally determined, based on the evidence presented, the petitioner, inter alia, was insubordinate and failed to complete his assignments in a timely manner, despite several remedial measures undertaken by the respondent.

Accordingly, the order and judgment must be affirmed insofar as appealed from. Leventhal, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.