# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**40**

**CA 15-00499**

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND SCUDDER, JJ.

---

IN THE MATTER OF WILLIAM E. HAMILTON,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MARY ALLEY, JAMES FROIO, AND BOARD OF EDUCATION
OF JORDAN-ELBRIDGE CENTRAL SCHOOL DISTRICT,
RESPONDENTS-RESPONDENTS.

---

O'HARA, O'CONNELL & CIOTOLI, FAYETTEVILLE (DENNIS G. O'HARA OF
COUNSEL), FOR PETITIONER-APPELLANT.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (LARRY P. MALFITANO OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County
(Donald A. Greenwood, J.), entered December 17, 2014 in a proceeding
pursuant to CPLR article 75.  The order denied the amended petition.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the amended petition in
part and dismissing so much of amended charge No. 7 as alleged
misconduct prior to February 15, 2009, and by dismissing amended
charge No. 8, and as modified the order is affirmed without costs.

Memorandum:  Petitioner, a tenured administrator employed by
Jordan-Elbridge Central School District, commenced this proceeding
pursuant to Education Law § 3020-a (5) and CPLR 7511 challenging his
termination following a disciplinary hearing and seeking reinstatement
to his former position.  We note at the outset that we agree with
petitioner that Supreme Court erred in determining that this special
proceeding was not timely commenced (*see* Education Law § 3020-a [5]
[a]; CPLR 304 [a]), and that his supporting papers and amended
petition were not timely served (*see* CPLR 402, 403 [b]; 3025 [a]).  We
further note, however, that the court in any event addressed the
merits of the amended petition.

We reject petitioner's contention that the court failed to apply
the correct standard of review.  We conclude that the court properly
identified and applied the "additional layer of judicial scrutiny"
applicable to a compulsory arbitration proceeding, and it recognized
and appropriately decided the matter on the basis that the
arbitrator's decision had evidentiary support and was not arbitrary
and capricious (*City Sch. Dist. of the City of N.Y. v McGraham*, 17

NY3d 917, 919).

We agree with petitioner, however, that there was no rational basis for the Hearing Officer to apply the crime exception with respect to amended charges Nos. 7 and 8, and we therefore modify the order accordingly (*see* Education Law § 3020-a [1]; *see also Matter of Aronsky v Board of Educ., Community Sch. Dist. No. 22 of City of N.Y.*, 75 NY2d 997, 1000; *Matter of Hegarty v Board of Educ. of City of N.Y.*, 5 AD3d 771, 772-773).  We reject petitioner's contention that the Hearing Officer imposed an inappropriate penalty.  "In light of the litany of specifications proven against [petitioner], the penalty of dismissal does not shock the conscience" (*Krinsky v New York City Dept. of Educ.*, 28 AD3d 353, 353, *lv denied* 7 NY3d 718; *see Matter of Mazur [Genesee Val. BOCES]*, 34 AD3d 1240, 1240).

We have considered petitioner's remaining contentions and conclude that they are without merit.

Entered:  March 18, 2016                        Frances E. Cafarell
                                                Clerk of the Court