■ In the Matter of MONIQUE POWELL, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [42 NYS3d 184]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated May 29, 2014, made in connection with a compulsory arbitration pursuant to Education Law § 3020-a, which, after a hearing, sustained certain charges of

misconduct against the petitioner and terminated her employment, the petitioner appeals from an order of the Supreme Court, Kings County (Rivera, J.), dated November 14, 2014, which denied the petition.

Ordered that the order is affirmed, with costs.

The Supreme Court properly upheld the hearing officer's determination sustaining certain changes against the petitioner and terminating her employment, as the petitioner did not demonstrate any basis for vacating the arbitration award (*see* Education Law § 3020-a [5]). "Education Law § 3020-a (5) limits judicial review of an arbitrator's determination, made after compulsory arbitration, to the grounds set forth in CPLR 7511. The grounds for vacating an award thereunder include, inter alia, misconduct, abuse of power, and procedural irregularities. However, [w]here . . . parties are subject to compulsory arbitration, the award must satisfy an additional layer of judicial scrutiny—it must have evidentiary support and cannot be arbitrary and capricious, and it must be in accord with due process" (*Matter of Denhoff v Mamaroneck Union Free Sch. Dist.*, 101 AD3d 997, 997-998 [2012] [internal quotation marks and citations omitted]).

As relevant here, the hearing officer's determination to terminate the petitioner's employment has evidentiary support and was not arbitrary or capricious (*see City School Dist. of the City of N.Y. v McGraham*, 17 NY3d 917, 919 [2011]). Further, the determination to terminate the petitioner's employment did not shock the conscience, as the evidence adduced at the hearing demonstrated that the petitioner requested to be paid for work that she did not perform and attempted to conceal her misdeeds through intentional and deceptive conduct, which included enlisting a student and two business owners to write false letters on her behalf. Moreover, despite the overwhelming evidence of misconduct, the petitioner refused to accept responsibility for her actions (*see Matter of Aiken v City of New York*, 92 AD3d 448, 449 [2012]). Accordingly, the Supreme Court properly denied the petition. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.