at 982-983). Dillon, J.P., Chambers, Cohen and Iannacci, JJ., concur.

In the Matter of ADAM B. HELLER, Appellant, v BEDFORD CENTRAL SCHOOL DISTRICT, Respondent. [63 NYS3d 64]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated May 12, 2014, made in connection with a compulsory arbitration pursuant to Education Law § 3020-a, which, after a hearing, sustained charges of misconduct against the petitioner and terminated his employment, the petitioner appeals from an order of the Supreme Court, Westchester County (Wood, J.), dated October 2, 2014, which denied the petition.

Ordered that the order is affirmed, with costs.

"Where, as here, the obligation to arbitrate arises through a statutory mandate, . . . the determination of the arbitrator is subject to 'closer judicial scrutiny' under CPLR 7511 (b) than it would otherwise receive" (*Matter of Razzano v Remsenburg-Speonk Union Free Sch. Dist.*, 144 AD3d 810, 810 [2016], quoting *Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d 1012, 1013 [2009]; *see Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund*, 47 AD3d 633, 634 [2008]). "An award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious" (*Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d at 1013; *see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]). "In addition, article 75 review questions whether the decision was rational or had a plausible basis" (*Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207, 211 [1981]). When reviewing compulsory arbitrations in education proceedings such as this, the court should accept the arbitrators' credibility determinations, even where there is conflicting evidence and room for choice exists (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]; *Matter of Powell v Board of Educ. of Westbury Union Free School Dist.*, 91 AD3d 955 [2012]; *Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d at 1013; *Matter of Tasch v Board of Educ. of City of N.Y.*, 3 AD3d 502, 503 [2004]).

Here, the arbitrator's determination has evidentiary support and was not arbitrary and capricious (*see City School Dist. of the City of N.Y. v McGraham*, 17 NY3d 917, 919 [2011]; *Crawford v Merrill Lynch, Pierce, Fenner & Smith*, 35 NY2d 291, 298 [1974]; *Matter of Powell v New York City Dept. of Educ.*, 144 AD3d 920 [2016]; *Matter of Buffalo Teachers Fedn., Inc.*

*[Board of Educ. of Buffalo City School Dist.]*, 67 AD3d 1402, 1403 [2009]). Moreover, contrary to the petitioner's contentions, the arbitrator's determination was in a form sufficient to enable the petitioner to understand its basis so as to permit intelligent challenge and adequate judicial review (*see Matter of Simpson v Wolansky*, 38 NY2d 391, 396 [1975]; *Matter of Bader v Board of Educ. of Lansingburgh Cent. School Dist.*, 216 AD2d 708, 709 [1995]), and the determination does not shock the conscience (*see Matter of Kelly v Safir*, 96 NY2d 32, 39-40 [2001]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233-235 [1974]; *Matter of Powell v New York City Dept. of Educ.*, 144 AD3d at 921; *Matter of Saunders v Rockland Bd. of Coop. Educ. Servs.*, 62 AD3d at 1013).

The petitioner failed to present evidentiary proof of actual bias or the appearance of bias on the part of the arbitrator (*see Matter of Wisner Professional Bldg. v Zitone Constr. & Supply Co.*, 224 AD2d 538 [1996]). Accordingly, the petitioner failed to establish entitlement to vacatur of the arbitrator's award pursuant to CPLR 7511 (b) (1) (ii) on the ground of partiality (*see Matter of Schwartz v New York City Dept. of Educ.*, 22 AD3d 672, 673 [2005]).

The petitioner waived his argument that some of the charges against him violated Education Law § 3020-a (2) (a) by failing to raise the issue until his post-hearing brief (*see Matter of Powell v Board of Educ. of Westbury Union Free School Dist.*, 91 AD3d at 956; *Matter of Sims v Siegelson*, 246 AD2d 374, 377 [1998]). Mastro, J.P., Chambers, Miller and Barros, JJ., concur.