Matter of Zagerson v New York City Dept. of Educ. (2022 NY Slip Op 00645)





Matter of Zagerson v New York City Dept. of Educ.


2022 NY Slip Op 00645


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Kern, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 


Index No. 161586/19 Appeal No. 15189 Case No. 2021-01357 

[*1]In the Matter of Grigoriy Zagerson, Petitioner-Appellant,
v
New York City Department of Education et al., Respondents-Respondents.


Glass Harlow & Hogrogian LLP, New York (Bryan D. Glass of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered October 2, 2020, denying the petition to annul respondents' determination, dated September 17, 2019, which terminated petitioner's employment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondents' determination to terminate petitioner's employment as a paraprofessional for respondent New York City Department of Education had a rational basis in the record and was not arbitrary and capricious (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of the Towns of Scarsdale and Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; Matter of Villada v City of New York, 126 AD3d 598, 599 [1st Dept 2015]). The serious nature of petitioner's misconduct — kissing three young female students — was substantiated after the Office of the Special Commissioner of Investigation (SCI) conducted an independent investigation, which was followed by a review of SCI's findings and due consideration by the school principal (see Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1068 [2018]; Matter of Aiken v City of New York, 92 AD3d 448, 449 [1st Dept 2012]). Supreme Court also correctly ruled that petitioner's due process rights were not violated, since he was provided with information sufficient to mount an adequate defense to SCI's investigative report (see Matter of Berkley v New York City Dept. of Educ., 159 AD3d 525, 526 [1st Dept 2018]; Wolfe v Kelly, 79 AD3d 406, 410 [1st Dept 2010], appeal dismissed 17 NY3d 844 [2011]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022