Matter of Simpson v Poughkeepsie City Sch. Dist. (2022 NY Slip Op 03730)

Matter of Simpson v Poughkeepsie City Sch. Dist.

2022 NY Slip Op 03730

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2020-02678
 (Index No. 53325/19)

[*1]In the Matter of Phee Simpson, appellant,
v
Poughkeepsie City School District, et al., respondents.

Arthur P. Scheuermann, Latham, NY (Jennifer L. Carlson of counsel), for appellant.
Bond, Schoeneck & King PLLC, Syracuse, NY (Kate I. Reid of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a determination of a hearing officer made pursuant to Education Law § 3020-a, dated August 16, 2019, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated February 10, 2020. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, and the petition is granted.
The petitioner was the principal of Poughkeepsie City High School. She was charged with 41 counts of conduct unbefitting an educator/administrator pursuant to Education Law § 3020-a, in that she knowingly and willfully approved the conferral of credits completed by certain students in an online platform known as PLATO with full knowledge that such credit was unlawful, as the students had not satisfied the state regulation requirements. The charges alleged that the petitioner's actions were part of an intentional scheme to accelerate credit acquisition in order to artificially inflate graduation rates. After a hearing, in a determination dated August 16, 2019, the hearing officer found that there was insufficient evidence to support a finding that the petitioner acted intentionally, sustained all of the charges, and imposed a penalty of termination. The petitioner subsequently commenced the instant proceeding to vacate the hearing officer's determination, and for reinstatement to her tenured position with back pay to the date of her termination.
The Supreme Court erred in denying the petition. The standard of review mandated by Education Law § 3020-a(5)(a) is that of CPLR article 75, which provides that an arbitration award may be vacated only on a showing of misconduct, bias, excess of power, or procedural defects (see Matter of Berkley v New York City Dept. of Educ., 159 AD3d 525; City School Dist. of the City of N.Y. v McGraham, 75 AD3d 445, affd 17 NY3d 917). Where, as here, the parties are compelled to engage in arbitration by statutory mandate (see Education Law § 3020-a[5]), judicial review under CPLR article 75 is broad, requiring that the award be in accord with due process and supported by adequate evidence in the record (see Motor Veh. Mfrs. Assn. v State of New York, 75 NY2d 175, 186; Matter of Trupiano v Board of Educ. of E. Meadow Union Free School Dist., 89 AD3d 1030; Matter of Hegarty v Board of Educ. of City of N.Y., 5 AD3d 771). The hearing officer's determination is subject to closer judicial scrutiny under CPLR 7511(b) than it would otherwise receive (see Matter of Johnson v Riverhead Cent. Sch. Dist., 166 AD3d 880; Matter of Heller v Bedford Cent. Sch. Dist., [*2]154 AD3d 754; Matter of White v Roosevelt Union Free School Dist. Bd. of Educ., 147 AD3d 1071). An award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious (see Matter of Johnson v Riverhead Cent. Sch. Dist., 166 AD3d 880; Matter of Heller v Bedford Cent. Sch. Dist., 154 AD3d 754; Matter of Trupiano v Board of Educ. of E. Meadow Union Free Sch. Dist., 89 AD3d at 1032). In addition, article 75 review questions whether the decision was rational or had a plausible basis (see Matter of Johnson v Riverhead Cent. Sch. Dist., 166 AD3d at 881; Matter of Heller v Bedford Cent. Sch. Dist., 154 AD3d at 754; Matter of Razzano v Remsenburg-Speonk Union Free Sch. Dist., 144 AD3d 810).
Here, the hearing officer's finding that there was insufficient evidence to support a finding that the petitioner acted intentionally is inconsistent with a finding that the petitioner was guilty of any of the charges. Each of the 41 charges against the petitioner alleged that she knowingly and willfully approved the conferral of credits with full knowledge that such credit was unlawful, as part of an intentional scheme to accelerate credit acquisition in order to artificially inflate graduation rates. Because there was no allegation that the petitioner's conduct was anything other than knowing and intentional, and because the hearing officer found that there was insufficient evidence that the petitioner acted intentionally, the hearing officer's determination that the petitioner was guilty of all charges was arbitrary and capricious and without evidentiary support. At the hearing, the petitioner admitted to conduct that was, at most, negligent. There was no evidence to contradict the petitioner's testimony that she did not act intentionally. The hearing officer correctly found that there was not enough evidence to support a finding that the petitioner acted intentionally, but then went on to sustain all of the charges, each of which alleged intentional conduct. This decision was not rational and did not have a plausible basis.
In light of our determination, we need not reach the petitioner's remaining contentions.
BARROS, J.P., CHAMBERS, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court