Matter of Company v GEICO Indem. Co. (2022 NY Slip Op 06934)

Matter of Company v GEICO Indem. Co.

2022 NY Slip Op 06934

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-09138
 (Index No. 624834/19)

[*1]In the Matter of Wesco Insurance Company, etc., appellant, 
v
GEICO Indemnity Company, etc., respondent.

McDonnell Adels & Klestzick, PLLC, Garden City, NY (Jannine A. Gardineer of counsel), for appellant.
Scahill Law Group, P.C., Bethpage, NY (David J. Tetlak of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated September 26, 2019, the petitioner appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated October 30, 2020. The order, insofar as appealed from, upon reargument, (1) adhered to a prior determination in an order of the same court dated June 30, 2020, denying the petition to vacate the arbitration award, and (2) adhered to a prior determination in an order of the same court dated July 2, 2020, confirming the arbitration award.
ORDERED that the order dated October 30, 2020, is affirmed insofar as appealed from, with costs.
In September 2018, nonparty Laurel Whitelocke was injured in a motor vehicle collision while operating a loaner vehicle owned by nonparty Long Island Auto World and insured by Wesco Insurance Company (hereinafter Wesco). GEICO Indemnity Company (hereinafter GEICO) paid basic no-fault benefits to Whitelocke for her injuries pursuant to an automobile liability policy issued to her. GEICO thereafter sought to recover the benefits paid to Whitelocke from Wesco in a compulsory arbitration proceeding. In an arbitration award dated September 26, 2019, the arbitrators determined that Wesco, as insurer of the loaner vehicle operated by Whitelocke, was liable for the benefits paid to Whitelocke.
In December 2019, Wesco commenced this proceeding to vacate the arbitration award. In an order dated June 30, 2020, the Supreme Court denied the petition, and in an order dated July 2, 2020, it confirmed the award. In August 2020, Wesco moved, inter alia, for leave to reargue its petition. In an order dated October 30, 2020, the court, among other things, granted Wesco leave to reargue, and, upon reargument, adhered to its prior determinations denying the petition and confirming the award. Wesco appeals.
For the reasons set forth in Matter of Wesco Insurance Co. v GEICO Indemnity Co. ( _____ AD3d _____ [Appellate Division Docket No. 2020-00642; decided herewith]), the Supreme Court, upon reargument, properly adhered to its prior determinations denying the petition to vacate the arbitration award and confirming the arbitration award.
Further, contrary to Wesco's contention, it failed to present evidence of actual bias or the appearance of bias on the part of one of the arbitrators (see Kotlyar v Khlebopros, 176 AD3d 793, 795; Matter of Heller v Bedford Cent. Sch. Dist., 154 AD3d 754, 755).
CONNOLLY, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court