■ In the Matter of HOWARD FOLTA, Appellant, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents. [621 NYS2d 136] —White, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered July 8, 1993 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Education of the City of New York dismissing petitioner from his position as a teacher.

On October 17, 1990, respondent Board of Education of the City of New York (hereinafter the Board) found probable cause to prefer disciplinary charges against petitioner, a tenured teacher, due to his alleged sexual harassment of four female high school students. In accordance with petitioner's

demand under Education Law § 3020-a, a hearing was conducted over a span of six days, concluding on May 7, 1991. Prior to the Hearing Panel's rendition of its decision and recommendation as to disciplinary action, petitioner resigned from his teaching position. The Hearing Panel, nevertheless, proceeded to render its decision finding petitioner guilty of exhibiting unprofessional behavior constituting conduct unbecoming a teacher and recommending that he be dismissed. Subsequently, the Board enacted a resolution adopting the Hearing Panel's decision and ordering that it be made part of petitioner's file.

Thereafter, petitioner commenced this CPLR article 78 proceeding seeking the nullification of the Hearing Panel's decision and the Board's resolution, as well as the expungement of the Hearing Panel's decision from his file. Supreme Court dismissed the petition[1] giving rise to this appeal by petitioner.

The issue on this appeal is whether petitioner's resignation precluded the Hearing Panel and Board from proceeding with the Education Law § 3020-a hearing. Education Law § 3020-a serves a dual purpose in that it provides protection to tenured teachers from official and bureaucratic caprice and serves as a means of assessing the fitness of a teacher to carry out his or her professional responsibilities (see, Matter of Abramovich v Board of Educ., 46 NY2d 450, 454; Matter of Bott v Board of Educ., 41 NY2d 265, 268). In view of this dual purpose and the public's acute interest in maintaining a corps of qualified teachers, we perceive no cogent reason, in the absence of an irrevocable resignation or voluntary settlement, to compel a school board to terminate an Education Law § 3020-a hearing upon the resignation of the teacher who is the subject thereof (see, Matter of Rubtchinsky v Moriah Cent. School Dist., 82 AD2d 960, 961). In our view, a resignation that is not irrevocable is tantamount to a waiver under Education Law § 3020-a (2) and a school board may proceed accordingly.

A return to the facts provides justification for our holding. Since petitioner's resignation was not irrevocable, it is possible that under the terms of the applicable collective bargaining agreement[2] and Chancellor's Regulation § 205 (25)[3] petitioner

1. Previously, Supreme Court dismissed the petition against respondent Commissioner of Education. Petitioner has not appealed from that order.
2. The collective bargaining agreement provides that, within five years of the date of resignation, a tenured teacher may request to withdraw it and, subject to the approval of the Chancellor, be reappointed.
3. Under Chancellor's Regulation § 205 (25), a teacher who resigns while

could, subject to the approval of the Chancellor, withdraw his resignation and apply for reemployment. Clearly, the existence of such a possibility provides a valid reason for allowing an Education Law § 3020-a hearing to proceed and placing the Hearing Panel's decision in a teacher's personnel file, thereby foreclosing the potentiality that a Chancellor would unwittingly approve an unfit teacher's request for reemployment.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.

disciplinary charges are pending may seek reemployment with, *inter alia,* the express written authorization of the Chancellor.