■ In the Matter of BEVERLY RILEY, Respondent, v CITY OF NEW YORK et al., Appellants. [921 NYS2d 849]—Order and judgment (one paper), Supreme Court, New York County (Saliann Scarpulla, J.), entered September 20, 2010, which, inter alia, denied respondents' motion to deny and dismiss the petition to vacate the termination of petitioner's employment with respondent Department of Education and remand for a lesser penalty, and remanded the matter for a new penalty determination, unanimously affirmed, without costs.

We find the penalty so disproportionate as to be shocking to our sense of fairness (see Lackow v Department of Educ. [or "Board"] of City of N.Y., 51 AD3d 563, 569 [2008]). The student admitted that she sustained no physical or emotional injury as a result of the incident, and in the 15 years preceding the incident, petitioner had received not a single formal reproach (compare Matter of Weinstein v Department of Educ. of City of N.Y., 19 AD3d 165 [2005], lv denied 6 NY3d 706 [2006], Matter of Solis v Department of Educ. of City of N.Y., 30 AD3d 532 [2006], and Gabriel v New York City Dept. of Educ., 2009 NY Slip Op 32249[U] [2009], with Matter of Ebner v Board of Educ. of E. Williston Union Free School Dist. No. 2, N. Hempstead, 42 NY2d 938 [1977]). Concur—Saxe, J.P., DeGrasse, Freedman and Richter, JJ. **[Prior Case History: 2010 NY Slip Op 32540(U).]**