[958 NE2d 897, 934 NYS2d 768]

CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Appellant, v COLLEEN MCGRAHAM, Respondent.

Argued October 12, 2011; decided November 17, 2011

APPEARANCES OF COUNSEL

*Michael A. Cardozo, Corporation Counsel,* New York City (*Stephen J. McGrath, Cheryl Payer* and *Leonard Koerner* of counsel), for appellant.

*Maria Elena Gonzalez,* New York City, and *Richard E. Casagrande* for respondent.

OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Respondent, a 36-year-old tenured high school teacher, was the subject of disciplinary charges pursuant to Education Law § 3020-a as a result of her improper conduct with respect to a

15-year-old male student. Respondent corresponded with the student electronically outside of school hours—sometimes late at night—about a variety of personal matters and tried to discuss with him the nature of their relationship, which, in her view, was potentially romantic. There was, however, no physical contact, let alone a physical relationship, between the two and none of her communications were of a sexual nature. They never met outside of school grounds.

■ The hearing officer found respondent guilty of three of the five specifications preferred against her and determined that she engaged in inappropriate communications of an intimate nature with the student, constituting conduct unbecoming her position as a teacher. In determining the appropriate penalty, the hearing officer considered that respondent was remorseful for her conduct and that she sought therapy soon after her behavior came to light. The hearing officer did not believe that respondent would repeat such conduct and imposed a penalty of a 90-day suspension without pay and reassignment to a different school upon her reinstatement. Petitioner commenced this proceeding pursuant to CPLR 7511 to vacate the arbitration award, arguing that the penalty imposed was irrational and contrary to the public policy of protecting children.*

Education Law § 3020-a (5) limits judicial review of a hearing officer's determination to the grounds set forth in CPLR 7511. Where, as here, parties are subject to compulsory arbitration, the award must satisfy an additional layer of judicial scrutiny—it "must have evidentiary support and cannot be arbitrary and capricious" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]).

■ Contrary to petitioner's argument, the arbitration award does not violate public policy. Courts will only intervene in the arbitration process in those "cases in which public policy considerations, embodied in statute or decisional law, prohibit, in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator" (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631 [1979]). It cannot be disputed

* [1] Respondent's employment was terminated in July 2009 because she allowed her teacher's certification to lapse. However, since petitioner seeks her termination under section 3020-a in an effort to prevent her from being in a position to obtain future employment with the Department of Education, this appeal is not moot (*see e.g. Matter of Brooklyn Audit Co. v Department of Taxation & Fin.*, 275 NY 284, 286 [1937]).

that the State has a public policy in favor of protecting children, but this broad, well-settled principle is not the type of absolute prohibition from arbitrating a "particular" matter necessary to invoke the public policy exception and to overturn the arbitral resolution. Looking at the award on its face, it cannot be said that either statutory or common law prohibits the penalty imposed by the hearing officer.

Nor is the award arbitrary and capricious or irrational. The hearing officer engaged in a thorough analysis of the facts and circumstances, evaluated respondent's credibility and arrived at a reasoned conclusion that a 90-day suspension and reassignment was the appropriate penalty. It was rational, under the circumstances, for the hearing officer to find that respondent's actions constituted serious misconduct, but that she was remorseful and her actions were unlikely to be repeated, such that termination was not mandated. That reasonable minds might disagree over what the proper penalty should have been does not provide a basis for vacating the arbitral award or refashioning the penalty.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs, in a memorandum.