In the Matter of GRACE COLON, Appellant, v CITY OF NEW YORK DEPARTMENT OF EDUCATION et al., Respondents. [941 NYS2d 628]—

Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered November 29, 2010, denying the petition to vacate an arbitration award dated December 7, 2009, and dismissing the proceeding brought pursuant to Education Law § 3020-a and CPLR 7511, unanimously affirmed, without costs.

The arbitration award was made in accord with due process, is supported by adequate evidence, and is rational and not arbitrary and capricious (*see City School Dist. of the City of N.Y. v McGraham*, 75 AD3d 445, 450 [2010], *affd* 17 NY3d 917 [2011]). Contrary to petitioner's contention, "[h]earsay evidence can be the basis of an administrative determination" (*Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]). Each of the specifications pertaining to the incidents involving students was supported not only by consistent, albeit unsworn, statements by several students who witnessed the incidents, but also by testimony from either the school principal or the school psychologist, or both, who investigated the incidents, including consulting with the students involved. In her own testimony, petitioner generally acknowledged the incidents, while offering differing exculpatory accounts thereof. The hearing officer's credibility findings in favor of respondents' witnesses are entitled to deference (*see Matter of Douglas v New York City Bd./Dept. of Educ.*, 87 AD3d 856 [2011]). We note particularly that petitioner's accounts of the incidents were uncorroborated. The testimony of respondents' witnesses supports the hearing officer's determinations as to the remaining specifications.

We do not find the penalty of termination so disproportionate to the multiple specifications upheld charging petitioner with verbal and physical abuse of students and faculty members as to shock our sense of fairness, even considering the mitigating factors of petitioner's recurrent health issues and the recent death of her mother (*see Matter of Kaufman v Wells*, 56 AD3d 674 [2008], *lv denied* 13 NY3d 707 [2009]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 33211(U).]**