■ In the Matter of CHRISTINE RUBINO, Respondent, v CITY OF NEW YORK et al., Appellants. [965 NYS2d 47]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered February 2, 2012, which granted the petition to set aside respondents' determination to terminate petitioner's employment with respondent Department of Education upon findings of misconduct to the extent of remanding the matter for the imposition of a lesser penalty, and denied respondents' cross motion to dismiss the petition, unanimously affirmed, without costs.

The record shows that petitioner teacher posted comments on a social media website alluding to a tragedy involving an unknown student at a different school. Although the comments were clearly inappropriate, it is apparent that petitioner's purpose was to vent her frustration only to her online friends after a difficult day with her own students. None of her students or their parents were part of her network of friends and, thus, the comments were not published to them, nor to the public at large, and petitioner deleted the comments three days later. Despite petitioner's initial denials when confronted about the incident several months later, she admitted to making the comments at the disciplinary hearing, acknowledged that they were inappropriate and offensive, and repeatedly expressed remorse. Although the Hearing Officer found that petitioner engaged in a plan with her friend to mislead investigators right after the allegations surfaced, the court reasonably concluded that petitioner's actions were taken out of fear of losing her livelihood, rather than as part of a premeditated plan.

Under the circumstances, which includes the lack of a prior disciplinary history during petitioner's 15-year career, and her expression that she would never do something like this again, Supreme Court properly found the penalty of termination to be shocking to one's sense of fairness (*see e.g. Stoyer-Rivera v New York City Bd./Dept. of Educ.*, 101 AD3d 584 [1st Dept 2012]; *Matter of Riley v City of New York*, 84 AD3d 442 [1st Dept 2011]; *City School Dist. of the City of N.Y. v McGraham*, 75 AD3d 445 [1st Dept 2010], *affd* 17 NY3d 917 [2011]). Concur—Mazzarelli, J.P., DeGrasse, Manzanet-Daniels and Clark, JJ. **[Prior Case History: 34 Misc 3d 1220(A), 2012 NY Slip Op 50189(U).]**