■ In the Matter of BERNADETTE CAMACHO, Appellant, v CITY OF NEW YORK et al., Respondents. [966 NYS2d 33]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered April 16, 2012, which, inter alia, denied the petition to vacate a post-hearing award sustaining specifications of verbal abuse of students and imposing the penalty of termination of petitioner's employment as a New York City schoolteacher, unanimously affirmed, without costs.

Adequate evidence in the record supports the determination that petitioner was guilty of the specifications charging her with using language that constituted verbal abuse of her students as prohibited by the regulations of respondent Department of Education (DOE) (*see Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563 [1st Dept 2008]). There exists no basis to disturb the Hearing Officer's decision to credit the testimony of multiple students and the principal over that of petitioner (*see Matter of Douglas v New York City Bd./Dept. of Educ.*, 87 AD3d 856 [1st Dept 2011]).

The penalty of termination does not shock one's sense of fairness. Upon settlement of prior disciplinary charges, petitioner, on the advice of counsel, entered into a stipulation with the DOE wherein she agreed that, if she were to be found guilty after a hearing of verbally abusing students, she would be terminated. There is no allegation that petitioner did not knowingly and voluntarily agree to these terms, and thus she is bound by the penalty (*see Pagan v Board of Educ. of City School Dist. of City of N.Y.*, 56 AD3d 330 [1st Dept 2008]; *see also Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown*, 46 NY2d 450, 455 [1979], *cert denied* 444 US 845 [1979]). In any event, the penalty imposed was appropriate, where despite petitioner's attempts to deal with her problems, including her adherence to therapy and medication in accordance with the terms of the prior stipulation, petitioner was unable to control her emotional outbursts, which resulted in her targeting special education students for insult and ridicule. Concur—Tom, J.P., Acosta, Renwick,

DeGrasse and Richter, JJ. **[Prior Case History: 2012 NY Slip Op 31003(U).]**