Order and judgment (one paper), Supreme Court, New York County (Judith J. Gische, J.), entered March 27, 2012, which granted the cross motion of respondents Department of Education of the City of New York, the City School District of the City of New York and the City of New York to dismiss the petition and to confirm the arbitration award terminating petitioner’s employment as a New York City schoolteacher, and dismissed the proceeding brought pursuant to CPLR article 75 and Education Law § 3020-a, unanimously affirmed, without costs.
Adequate evidence in the record supports the determination that petitioner was guilty of the specifications charging him with insubordination, neglect of duty, conduct unbecoming his position, and using language that constituted verbal abuse of his students as prohibited by the regulations of the Department of Education (see Lackow v Department of Educ. [or “Board”] of City of N.Y., 51 AD3d 563, 567-568 [1st Dept 2008]). There exists no basis to disturb the Hearing Officer’s decision to credit the testimony of multiple students and the assistant principal over that of petitioner (see Matter of Douglas v New York City Bd./Dept. of Educ., 87 AD3d 856 [1st Dept 2011]).
Petitioner’s contention that the award was not in accord with due process and was arbitrary and capricious is unavailing. Petitioner was properly given notice of the charges against him, had the opportunity to defend himself at a hearing at which he testified and presented other evidence, and was able to cross-examine witnesses. While the Hearing Officer acknowledged flaws in the investigation, he noted that it was fair and objective.
The penalty of termination does not shock one’s sense of fairness (see e.g. Matter of Colon v City of N.Y. Dept. of Educ., 94 AD3d 568 [1st Dept 2012]). The record shows that the Hearing *426 Officer considered the seriousness of the charges, as well as petitioner’s lack of prior disciplinary history during his 14-year career with the Department of Education and the likelihood that petitioner would not correct his inappropriate behavior. Concur — Andrias, J.P., Acosta, Moskowitz, Richter and Manzanet-Daniels, JJ.