■ In the Matter of LUIS VILLADA, Appellant, v CITY OF NEW YORK et al., Respondents. [6 NYS3d 52]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered November 13, 2013, which denied the petition seeking to vacate an arbitration award imposed pursuant to Education Law § 3020-a, finding petitioner guilty of sexual misconduct towards another teacher and terminating his employment with respondent New York City Department of Education, and granted respondents' cross motion to dismiss the proceeding and confirm the award, unanimously affirmed, without costs.

The guilty findings as to specifications one through four were both rational and supported by adequate record evidence (see *Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563, 567 [1st Dept 2008]), and we note that petitioner has abandoned his argument to the contrary. Under specifications one and three, petitioner was found to have hugged and kissed another teacher at least once a week for two months, despite her continually communicating to him that she did not want him to do this. The unwanted contact escalated in a later encounter in which he grabbed her, held her aloft in the air, kissed her repeatedly on the cheek, and then kissed her on the lips and forced his tongue into her mouth.

Petitioner's argument that the actions set forth in specifications two and four do not constitute misconduct was not articulated in the petition, and is thus unpreserved (*see Jennings v Walcott*, 110 AD3d 538, 539 [1st Dept 2013]; *Matter of Cherry v Horn*, 66 AD3d 556, 557 [1st Dept 2009]). Even were we to consider the argument, we would find it to be unavailing. Although the acts set forth in specification four—calling the other teacher at her home to apologize and repeatedly asking to meet in person—might not, standing alone, constitute misconduct, the hearing officer reasonably found that, in the aftermath of the assaultive behavior in the copy room, this was unwelcome contact constituting sexual harassment, in violation of the rules and policies of the Department of Education (*see e.g. Matter of Gongora v New York City Dept. of Educ.*, 98 AD3d 888, 890 [1st Dept 2012]; *cf. Matter of Polayes v City of New York*, 118 AD3d 425 [1st Dept 2014] [teacher's conduct was objectively innocuous, did not violate any rule or policy, and did not insult or offend anyone]). We further note that petitioner insisted on attempting to contact the teacher, even though she told him several times that she did not want to meet with him and wanted no further contact. Moreover, the hearing officer reasonably found under these circumstances that the acts alleged in specification two—that petitioner asked to embrace the teacher, and also told her to keep things between themselves—also constituted misconduct in violation of the sexual harassment policies.

Due to the egregious nature of the misconduct at issue, and the hearing officer's conclusion that petitioner did not credibly display remorse or an appreciation for the seriousness of his actions, we find that the penalty of termination was appropriate despite petitioner's 20-year satisfactory employment history (*see Gongora* at 890; *Matter of Douglas v New York City Bd./Dept. of Educ.*, 87 AD3d 856, 857 [1st Dept 2011]). Concur—Mazzarelli, J.P., Friedman, Sweeny, Gische and Kapnick, JJ.