■ In the Matter of AMADOR ROMAN, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [10 NYS3d 62]—

Judgment, Supreme Court, New York County (Peter H. Moulton, J.), entered March 7, 2014, to the extent appealed from as limited by the briefs, confirming an arbitral award, dated July 25, 2013, which terminated petitioner's employment, unanimously affirmed, without costs.

The termination of petitioner's employment does not shock our sense of fairness (*see Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563, 569 [1st Dept 2008]).

Petitioner's conduct may be described as verbal and physical abuse of students, and verbal abuse of one student's parent; it continued for a period of three academic years, even after several letters were placed in petitioner's file memorializing the complaints, one of which warned that further incidents could lead to termination (*compare Matter of Camacho v City of New York*, 106 AD3d 574 [1st Dept 2013] [after settling prior disciplinary charges, petitioner entered into stipulation agreeing that if she were to be found guilty after a hearing of verbally abusing students she would be terminated]). Petitioner has taken no responsibility for his actions, repeatedly denying most of the incidents despite corroborating evidence, and has shown no remorse. After considering petitioner's long, otherwise satisfactory tenure and the principle of progressive discipline, the hearing officer properly found that petitioner's repeated misconduct and the several occasions on which he was warned about it to no avail rendered termination appropriate (*compare Matter of Weinstein v Department of Educ. of City of N.Y.*, 19 AD3d 165 [1st Dept 2005] [penalty for single incident of improper use of physical force shocking to conscience where petitioner was carrying out assigned duty of denying access to locker room to all but gym class students], *lv denied* 6 NY3d 706 [2006]). Concur—Mazzarelli, J.P., Acosta, Renwick, Manzanet-Daniels and Feinman, JJ.