■ In the Matter of ERIC HAUBENSTOCK, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK CITY DEPARTMENT OF EDUCATION et al., Appellants. [14 NYS3d 331]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered June 18, 2014, which, to the extent appealed from as limited by the briefs, following a hearing, granted the petition to vacate an arbitration award to the extent of vacating the penalty and remanding for determination of a lesser penalty, unanimously reversed, on the law, without costs, and the petition denied. The Clerk is directed to enter judgment confirming the award.

The penalty of termination does not shock our sense of fair-

ness (*see Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563, 569 [1st Dept 2008]). Petitioner committed four separate acts of corporal punishment, in violation of Chancellor's Regulation A-420, which prohibits corporal punishment, defined as "any act of physical force upon a pupil for the purpose of punishing that pupil." Three of these acts occurred after petitioner had been formally warned that any recurrence of his misconduct would result in further disciplinary action and he had been referred to a mandatory training workshop on "appropriate behavior intervention strategies." We find petitioner's misconduct is highlighted by the fact that these pupils were non-verbal autistic children, incapable of protecting themselves or reporting what happened to them. Concur—Mazzarelli, J.P., Friedman, Richter, Manzanet-Daniels, Gische, JJ.