In the Matter of DAWN WEBB, Appellant, v CITY OF NEW YORK et al., Respondents. [30 NYS3d 870]—

Order and judgment (one paper), Supreme Court, New York County (Frank P. Nervo, J.), entered September 10, 2014, which, insofar as appealed from as limited by the briefs, denied the petition seeking to vacate the penalty of termination imposed on petitioner after an arbitration hearing, and dismissed the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs.

A court must uphold a sanction imposed unless it is so disproportionate to the offense that it shocks the conscience and therefore, constitutes an abuse of discretion (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]).

Petitioner, a tenured teacher with a 15-year career, does not challenge the findings that over a two-year time period at numerous different schools she committed forty acts of misconduct, including insubordination, dereliction of duty, and incompetence. She also does not deny that she ignored the efforts of numerous supervisors and administrators to remedy her pedagogical deficiencies, contending that she became demoralized when she was assigned to the absent teacher reserve pool and did not have permanent assignment at one school.

The penalty of termination of employment was not unduly harsh or excessive given petitioner's failure to conform her behavior to the requirements of the job and her unwillingness to accept assistance or improve her performance. Respondents were not required to assign petitioner to the position she desired, and the record reflects that she was warned many times that her conduct would result in disciplinary action. Despite these warnings, petitioner failed to take steps to correct the deficiencies noted by numerous supervisors and administrators. Concur—Acosta, J.P., Saxe, Gische, Webber and Kahn, JJ.