■ In the Matter of SUZANNE VARRIALE, Appellant, v CITY OF NEW YORK et al., Respondents. [49 NYS3d 298]—

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered November 10, 2015, which, after a hearing, denied the petition to vacate the determination of respondent New York City Board of Education, dated July 7, 2014, which terminated petitioner's employment as a tenured school teacher, and dismissed the proceeding, unanimously affirmed, without costs.

Although petitioner was a thirteen-year employee with no prior disciplinary history, and no charges had ever previously been preferred against her, in light of the seriousness of the allegations herein, the penalty of termination was not shocking to one's sense of fairness (*see Altsheler v Board of Educ. of Great Neck Union Free School Dist.*, 62 NY2d 656, 657 [1984]). The record showed that petitioner strayed from her duties as a

school teacher by deliberately escalating a confrontation with a student by yelling expletives and threatening him with violence. Even after security personnel defused the situation by removing the student from the classroom, petitioner subsequently confronted him again, later that day, yelling at least six times that her husband, an armed police officer, would kill him. Petitioner then brought her husband to school the following morning, to the student's scheduled class in the gymnasium, although the student, having been suspended from school, was not there (*compare Matter of Riley v City of New York*, 84 AD3d 442 [1st Dept 2011]). Further, as noted by the hearing officer, had the student been in class that morning, the possibility of violence occurring was very real, and petitioner conveyed a message to other students that she could not rely upon school authorities to control threats of violence against a teacher by a student.

Petitioner also showed no remorse nor appreciation for the seriousness of her conduct (*see e.g. Matter of Villada v City of New York*, 126 AD3d 598, 599 [1st Dept 2015]) to support a finding that she would not engage in similar conduct if faced with such circumstances in the future. Petitioner declined to take the stand, and thus, the hearing officer was permitted to draw the strongest inference against her permitted by the record (*Matter of Carangelo v Ambach*, 130 AD2d 898, 900 [3d Dept 1987], *appeal denied* 70 NY2d 609 [1987]). Concur—Tom, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.