(May 9, 2017)

■ In the Matter of LISA BROAD, Respondent, v NEW YORK CITY BOARD/DEPARTMENT OF EDUCATION, Appellant. [53 NYS3d 295]—

Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered October 23, 2015, which granted the petition to set aside a determination of an arbitrator, dated October 29, 2014, sustaining numerous charges and specifications against petitioner and terminating her employment as a tenured teacher, unanimously reversed, on the law, without costs, the petition denied, the determination of the arbitrator reinstated, and the proceeding brought pursuant to CPLR article 75, dismissed.

The arbitrator's decision had a rational basis and was supported by adequate evidence (*see e.g. Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563, 567 [1st Dept 2008]). The record shows that the arbitrator reasonably determined that petitioner's performance as a teacher was deficient for two years based on the observations and ratings of the school principal and two assistant principals. Although some of the charges and specifications were not significant, the record reflects that petitioner was provided with substantial assistance over a two-year time period to improve her pedagogical skills, but she was unwilling to improve her performance.

The penalty of termination from employment does not shock our sense of fairness (*see e.g. Matter of Russo v New York City Dept. of Educ.*, 25 NY3d 946 [2015]; *Matter of Webb v City of New York*, 140 AD3d 411 [1st Dept 2016]). Concur—Sweeny, J.P., Richter, Andrias, Webber and Gesmer, JJ.