■ In the Matter of KRISTOPHER VAGIANOS, Appellant, v CITY OF NEW YORK et al., Respondents. [55 NYS3d 235]—

Order and judgment (one paper), Supreme Court, New York County (Margaret A. Chan, J.), entered May 15, 2015, which denied the petition to vacate an arbitration award terminating petitioner's employment as a tenured school teacher, and granted respondents' motion to dismiss the petition, unanimously affirmed, without costs.

In light of the hearing officer's findings that petitioner, a teacher of special-needs students who had previously been disciplined for verbal abuse of one student and corporal punishment of a student confined to a wheelchair, made denigrating comments about the students' limitations in the presence of other teachers, including referring to them as "waste products," made inappropriate comments to a student with autism, and made threatening comments to another teacher, our sense of fairness is not shocked by the penalty of termination (*see Matter of Camacho v City of New York*, 106 AD3d 574 [1st Dept 2013]; *see also Matter of Haubenstock v City of New York*, 130 AD3d 435 [1st Dept 2015]; *Matter of Haas v New York City Dept. of Educ.*, 106 AD3d 620 [1st Dept 2013]). Petitioner's insensitivity to and disrespect for his students "compromised his ability to function as a teacher" (*see Matter of Douglas v New York City Bd./Dept. of Educ.*, 87 AD3d 856, 857 [1st Dept

2011]). Moreover, petitioner showed neither remorse for his conduct nor any appreciation of its seriousness so as to suggest that he would not engage in similar conduct again (*see e.g. Matter of Varriale v City of New York*, 148 AD3d 650 [1st Dept 2017]). Indeed, petitioner failed to take responsibility for the misconduct for which he had previously been disciplined, and was not deterred by that discipline from continuing his pattern of inappropriate behavior.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Acosta, P.J., Renwick, Richter, Feinman and Webber, JJ.