Matter of Berkley v New York City Dept. of Educ. (2018 NY Slip Op 01669)





Matter of Berkley v New York City Dept. of Educ.


2018 NY Slip Op 01669


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Manzanet-Daniels, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


6025 650648/16

[*1]In re Noah Berkley, Petitioner-Appellant,
v
New York City Department of Education, Respondent-Respondent.


Glass Krakower LLP, New York (Bryan D. Glass of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jane L. Gordon of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered June 27, 2016, which granted respondent's motion to confirm a hearing officer's award terminating petitioner's employment as a school teacher with respondent, denied the petition, and dismissed the proceeding, unanimously affirmed, without costs.
The standard of review mandated by Education Law § 3020-a(5)(a) is that of CPLR article 75, which provides that an arbitration award may be vacated only on a showing of "misconduct, bias, excess of power or procedural defects" (City School Dist. of the City of N.Y. v McGraham, 75 AD3d 445, 449 [1st Dept 2010], affd 17 NY3d 917 [2011]; see CPLR 7511[b]). This Court has applied a "hybrid" standard which incorporates the arbitrary and capricious test in CPLR article 78 as well (id.).
Where the arbitration is compulsory, as here, judicial scrutiny is stricter than for a determination rendered in voluntary arbitration proceedings, and the determination must be in accord with due process, supported by adequate evidence, and rational (Matter of Gongora v New York City Dept. of Educ., 98 AD3d 888, 889-890 [1st Dept 2012]).
Petitioner argues that his due process rights were violated because the corporal punishment specification did not allege the specific date of the misconduct and the hearing officer improperly relied on hearsay evidence, consisting of out of court statements by students.
Due process in the context of administrative hearings requires that the charges be "reasonably specific, in light of all the relevant circumstances, to apprise the party whose rights are being determined of the charges against him . . . and to allow for the preparation of an adequate defense" (Matter of Block v Ambach, 73 NY2d 323, 333 [1989] [internal citation omitted]).
The court properly found that petitioner's due process rights were not violated by the failure to specify the date he was alleged to have inflicted corporal punishment on a named student, in that he was provided with enough information to mount an adequate defense. Moreover, at the hearing, he did not indicate any vagueness with regard to the incident, since he knew the name of the student who made the complaint and had received statements by other students in the room at the time.
Petitioner's due process rights were not violated by the hearing officer's partial reliance on hearsay evidence in that such evidence may be the basis of an administrative determination, as petitioner acknowledged (Matter of Colon v City of N.Y. Dept. of Educ., 94 AD3d 568 [1st Dept 2012]). Moreover, the hearsay evidence was supported by the testimony of various school administrators and aides, who were subject to cross-examination by petitioner.
The court correctly concluded that the hearing officer's decision was supported by the record, in that ample evidence, including petitioner's admissions, supported the finding that he exposed himself to students in the boys' bathroom, improperly touched a student's knee, used his foot to push another student, and was frequently late. The hearing officer was entitled to reject petitioner's explanations based on an assessment of his credibility.
The penalty does not shock the conscience in light of the seriousness of the misconduct and petitioner's failure to heed warnings (see Matter of Bolt v New York City Dept. Of Educ.,
___ NY3d __, 2018 NY Slip Op 00090, *2 [2018]; Lackow v Department of Educ [or "Board"] of the City of New York, 51 AD3d 563, 569 [1st Dept 2008]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK