Matter of Brizel v City of New York (2018 NY Slip Op 03755)





Matter of Brizel v City of New York


2018 NY Slip Op 03755


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kapnick, Kahn, JJ.


6666 653163/16

[*1]In re Robert Brizel, Petitioner-Appellant,
v
The City of New York, et al., Respondents-Respondents.


Glass Krakower LLP, New York (Bryan D. Glass of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Kwame N. Akosah of counsel), for respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered January 27, 2017, which denied the petition to vacate an arbitration award imposed pursuant to Education Law § 3020-a, finding petitioner guilty of misconduct and terminating his employment with respondent New York City Department of Education, and granted respondents' cross motion to dismiss the petition and confirm the award, unanimously affirmed, without costs.
The guilty findings as to specifications one (a)-(c), two and three were in accord with due process, supported by adequate evidence, rational, and not arbitrary and capricious (see Lackow v Department of Educ. [or "Board"] of City of N.Y., 51 AD3d 563, 567-568 [1st Dept 2008]), and petitioner has not met his burden to show the invalidity of the Hearing Officer's determination (see id. at 568). The record shows that petitioner's misconduct, which included, inter alia, a classroom outburst where petitioner trapped a student in the corner of the classroom with a desk while verbally reprimanding him, was unacceptable behavior and endangered the welfare of his students, who were approximately 11 years of age. There exists no basis to disturb the Hearing Officer's credibility determinations (see Matter of Brito v Walcott, 115 AD3d 544, 545 [1st Dept 2014]; Lackow at 568).
Under the circumstances presented, the penalty of termination does not shock our sense of fairness (see Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1070-1071 [2018]). Although petitioner had a 27-year career with respondent Department of Education, that career was not without incident, as evidenced by his 2008 settlement of disciplinary charges, which the Hearing Officer properly considered. Furthermore, petitioner fails to acknowledge the gravity of his misconduct, continues to deny wrongdoing, and attempts to shift blame to his students (see Matter of Villada v City of New York, 126 AD3d 598 [1st Dept 2015]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK