Matter of Johnson v Board of Educ. of the City Sch. Dist. of the City of N.Y. (2019 NY Slip Op 02834)





Matter of Johnson v Board of Educ. of the City Sch. Dist. of the City of N.Y.


2019 NY Slip Op 02834


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9004 652696/15

[*1]In re Cynthia Johnson, Petitioner-Appellant,
v
Board of Education of the City School District of the City of New York, et al., Respondents-Respondents.


Robert T. Reilly, New York (Michael J. Del Piano of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Kathy C. Park of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about May 2, 2017, which denied the petition to vacate an arbitration award terminating petitioner's employment as a schoolteacher, and confirmed the award, unanimously affirmed, without costs.
The court properly denied the petition and confirmed the award. Petitioner failed to meet her burden of showing any ground that would warrant vacatur (Education Law § 3020-a[5]; CPLR 7511[b][1]) or that the award was arbitrary and capricious or unsupported by adequate evidence (see City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 919 [2011]; Matter of Asch v New York City Bd./Dept. of Educ., 104 AD3d 415, 418-419 [1st Dept 2013]). The Hearing Officer's determination sustaining charges of incompetency is amply supported by the evidence, including six written reports of formal and informal observations of petitioner's teaching over the course of two years. While the Hearing Officer found that the testimony of the assistant principal was not credible, he did credit her written contemporaneous reports of formal observations, as well as the testimony and observation reports of the school principal and a peer intervention observer, all of whom consistently found petitioner's teaching and classroom management skills to be unsatisfactory. There exists no basis to disturb the Hearing Officer's credibility determinations and his weighing of the evidence (see Matter of Asch at 420), and petitioner's assessment of the quality of her lessons was insufficient to overcome the evidence of her deficiencies.
Under the circumstances presented, the penalty of termination does not shock our sense of fairness (see e.g. Matter of Broad v New York City Bd./Dept. of Educ., 150 AD3d 438 [1st
Dept 2017]; Matter of Ajeleye v New York City Dept. of Educ., 112 AD3d 425 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK