Matter of Denicolo v Board of Educ. of the City of N.Y. and/or the N.Y. City Dept. of Educ. (2019 NY Slip Op 02962)





Matter of Denicolo v Board of Educ. of the City of N.Y. and/or the N.Y. City Dept. of Educ.


2019 NY Slip Op 02962


Decided on April 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019

Richter, J.P., Manzanet-Daniels, Kahn, Gesmer, Oing, JJ.


654505/16 9028

[*1] In re Anna Denicolo, Petitioner-Appellant,
v
Board of Education of the City of New York and/or The New York City Department of Education, Respondent-Respondent.


The Jacob D. Fuchsberg Law Firm, New York (Alan L. Fuchsberg and Edward Hynes of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Melanie T. West of counsel), for respondent.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered December 26, 2017, which, after a hearing, denied the petition to vacate the determination of respondent New York City Board of Education, dated August 15, 2016, which terminated petitioner's employment, and dismissed the proceeding, unanimously affirmed, without costs.
The hearing officer's findings had a rational basis and were supported by adequate evidence (Matter of Broad v New York City Bd./Dept. Of Educ., 150 AD3d 438 [1st Dept 2017]). The record supports a reasonable determination that petitioner abdicated her responsibilities as a teacher by leaving a student in crisis with a school aide, in violation of school protocol, and then confronting the student's mother to inform her about discipline she had received as a result of the incident. After the child was removed from the school, the teacher repeatedly telephoned the same student's home, despite being asked to stop, and violated the student's privacy by sending a package of get well cards and a home-school application to the student's home, causing unwelcome confusion for the student and her family (see Broad, 150 AD3d 438).
Under constraint of controlling precedent, our sense of fairness is not shocked by the penalty of termination (see Matter of Bolt v New York City Department of Education, 30 NY3d 1065, 1071-72 [2018] ["the mere fact that a penalty is harsh, and imposes severe consequences on an individual, does not so affront our sense of fairness that it shocks the conscience, unless it is obviously disproportionate to the misconduct and in contravention of the public interest and policy reflected by the agency's mission. . . . (T)he Court has been reticent to opine on the precise sanction appropriate for misconduct' in matter(s) involving both internal discipline and an understandable concern for the reactions of parents in the school district, areas in which the board (of education) possesses special sensitivity" (citation omitted)]). Petitioner's poor judgment, and her failure to take responsibility for her actions or demonstrate any remorse gave no indication that her inappropriate behavior was likely to change (Matter of Vagianos v City of New York, 151 AD3d 518, 519 [1st Dept 2017]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 18, 2019
CLERK