Matter of Jackson v Department of Educ. of the City of N.Y. (2020 NY Slip Op 03473)





Matter of Jackson v Department of Educ. of the City of N.Y.


2020 NY Slip Op 03473


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


11678 653255/17

[*1] In re Karen Jackson, Petitioner-Appellant,
v
The Department of Education of the City of New York, Respondent-Respondent.


Stewart Lee Karlin Law Group, P.C., New York (Stewart L. Karlin of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondent.



Order, Supreme Court, New York County (John J. Kelley, J.), entered October 23, 2018, which denied the petition to vacate an arbitration award upholding 13 specifications against petitioner charging her with, inter alia, incompetence and neglect of duty, and imposing a penalty of termination of her employment as a public school teacher, and granted respondent's cross motion to dismiss the petition, unanimously affirmed, without costs.
The Hearing Officer's determination upholding 13 specifications against petitioner, all of which concerned teaching deficiencies during a four-year observational period, was supported by adequate evidence, including the testimony of school administrators and documentation. The determination was also rational, and not arbitrary and capricious (see Lackow v Department of Educ. [or "Board"] of City of N.Y., 51 AD3d 563, 567 [1st Dept 2008]).
In determining an appropriate penalty, the Hearing Officer properly considered respondent's significant remediation efforts, and his conclusion that those efforts were adequate is supported by the evidence showing that petitioner received feedback and suggestions for improvement through observation reports and one-on-one meetings, as well as assistance and support from her colleagues and outside professionals, and was provided with a teacher improvement plan (see Education Law § 3020-a[4]). In light of the Hearing officer's findings of a long-term pattern of inadequate performance, the penalty of termination is proportionate to the offenses (see Matter of Benjamin v New York City Bd./Dept. of Educ., 105 AD3d 677 [1st Dept 2013]; Lackow at 569).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK