Matter of Syracuse City Sch. Dist. (Gilbert) (2021 NY Slip Op 01886)





Matter of Syracuse City Sch. Dist. (Gilbert)


2021 NY Slip Op 01886


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


59 CA 20-00866

[*1]SYRACUSE CITY SCHOOL DISTRICT, PETITIONER-APPELLANT, AND
and
ROCHELLE GILBERT (RAY), RESPONDENT-RESPONDENT. 






BOND, SCHOENECK & KING, PLLC, SYRACUSE (KATE REID OF COUNSEL), FOR PETITIONER-APPELLANT. 
ROBERT T. REILLY, LATHAM (ELIZABETH R. SCHUSTER OF COUNSEL), FOR RESPONDENT-RESPONDENT.


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered January 13, 2020 in a proceeding pursuant to CPLR article 75. The order dismissed petitioner's application to vacate an arbitration award. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by confirming the award and as modified the order is affirmed without costs.
Memorandum: Petitioner, Syracuse City School District (District), appeals from an order that dismissed its CPLR article 75 petition seeking to vacate an arbitration award. In the award, the Hearing Officer dismissed disciplinary charges against respondent, a tenured teaching assistant, determining that a hearing pursuant to Education Law § 3020-a was not necessary because respondent had submitted an "irrevocable Letter of Resignation for the purpose of retirement." Although we agree with respondent that petitioner was not entitled to vacatur of the award, we note that Supreme Court erred in failing to confirm the award pursuant to CPLR 7511 (e). We therefore modify the order accordingly.
"Education Law § 3020-a (5) limits judicial review of a hearing officer's determination to the grounds set forth in CPLR 7511" (City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 919 [2011]). Generally, "a court may vacate an arbitration award only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]). Where, as here, the parties are "subject to compulsory arbitration, the award must satisfy an additional layer of judicial scrutiny—it 'must have evidentiary support and cannot be arbitrary and capricious' " (McGraham, 17 NY3d at 919; see Matter of Bender [Lancaster Cent. Sch. Dist.], 175 AD3d 993, 996 [4th Dept 2019]). Inasmuch as there is no claim that the award violates a strong public policy or exceeds a limitation on the arbitrator's power, the award in this case can be vacated only if it is arbitrary, capricious or irrational (see McGraham, 17 NY3d at 920; see also Falzone, 15 NY3d at 534; Matter of Professional, Clerical, Tech., Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.], 103 AD3d 1120, 1121 [4th Dept 2013], lv denied 21 NY3d 863 [2013]).
It has been held that a hearing pursuant to Education Law
§ 3020-a is required "in the absence of an irrevocable resignation" by the employee or a voluntary settlement (Matter of Folta v Sobol, 210 AD2d 857, 858 [3d Dept 1994]). In other words, where a resignation is deemed conditional or revocable such that the employee could obtain employment with petitioner again in the future, the disciplinary proceeding should move [*2]forward (see e.g. McGraham, 17 NY3d at 919 n).
Here, in her letter of resignation, respondent stated that she was submitting an "irrevocable Letter of Resignation for the purposes of retirement" and that she "[had] no plans to, nor [would she] apply to work [for petitioner] in the future." Respondent added that her retirement application had been accepted by the New York State Teacher's Retirement System and that she "will not request or otherwise act in any manner to withdraw [her] resignation." Under the circumstances, we conclude that the Hearing Officer's determination that respondent's letter constituted an unconditional and irrevocable resignation, barring further prosecution of the section 3020-a charges, has evidentiary support in the record and is not arbitrary, capricious, or irrational (see generally Matter of Girard v Board of Educ. of City School Dist. of City of Buffalo, 168 AD2d 183, 184-185 [4th Dept 1991]; Matter of Cannon v Ulster County Bd. of Coop. Educ. Servs., 155 AD2d 846, 847 [3d Dept 1989]; cf. generally McGraham, 17 NY3d at 919 n; Matter of DeVito v Department of Educ. of the City of N.Y., 112 AD3d 421, 421 [1st Dept 2013]; Folta, 210 AD2d at 858-859).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court