Matter of Iorfida v Department of Educ. of the City of N.Y. (2021 NY Slip Op 02602)





Matter of Iorfida v Department of Educ. of the City of N.Y.


2021 NY Slip Op 02602


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Kapnick, J.P., Moulton, Scarpulla, Mendez, JJ. 


Index No. 650650/19 Appeal No. 13718 Case No. 2020-2855 

[*1]In the Matter of Lucio Iorfida, Petitioner-Appellant,
v
Department of Education of the City of New York, Respondent-Respondent.


Franklin N. Meyer, P.C., New York (Franklin N. Meyer of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered on or about June 3, 2020, which denied the petition to vacate an arbitration award terminating petitioner's employment, and granted respondent's cross motion to dismiss the petition, unanimously affirmed, without costs.
The Arbitrator's findings sustaining the specifications against petitioner are supported by the evidence, including eight observation reports and credible testimony of the principal and assistant principals who authored those reports, which showed petitioner's persistent teaching deficiencies and inability to control his students (see Matter of Jackson v Department of Educ. of the City of N.Y., 184 AD3d 500, 501 [1st Dept 2020]). The evidence also demonstrated the school administrators' efforts to remediate petitioner's deficiencies, which ultimately were unsuccessful due to petitioner's lack of effort or interest in improving his performance (see e.g. Matter of Benjamin v New York City Bd./Dept. of Educ., 105 AD3d 677, 678 [1st Dept 2013]). Petitioner waived challenges to respondent's evaluation procedure by failing to raise them during the arbitration (see Matter of Telemaque v New York City Bd./Dept. of Educ., 148 AD3d 503, 504 [1st Dept 2017]).
Termination of petitioner's employment does not shock the conscience, in light of petitioner's prior disciplinary proceeding, sustained and documented inability to meet standards of effective instruction and after considerable attempts were made to help him to improve his performance (see e.g. Matter of Ford v Board of Educ. of the City Sch. Dist. of the City of N.Y.,188 AD3d 415 [1st Dept 2020]; Matter of Broad v New York City Bd./Dept. of Educ., 150 AD3d 438 [1st Dept 2017])
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021