Matter of County of Onondaga (Civil Serv. Empls. Assn., Inc.) (2023 NY Slip Op 03599)

Matter of County of Onondaga (Civil Serv. Empls. Assn., Inc.)

2023 NY Slip Op 03599

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, MONTOUR, AND OGDEN, JJ.

329 CA 22-00889

[*1]IN THE MATTER OF ARBITRATION BETWEEN COUNTY OF ONONDAGA, PETITIONER-RESPONDENT, AND
and
CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., ONONDAGA COUNTY LOCAL 834, RESPONDENT-APPELLANT.

DAREN J. RYLEWICZ, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., ALBANY (STEVEN M. KLEIN OF COUNSEL), FOR RESPONDENT-APPELLANT. 
BOLANOS LOWE, PLLC, PITTSFORD (KYLE W. STURGESS OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered May 12, 2022. The order, insofar as appealed from, granted in part the petition to vacate an arbitrator's award. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the petition is denied in its entirety.
Memorandum: Petitioner, County of Onondaga, commenced this proceeding to vacate an arbitrator's award pursuant to CPLR 7511 (b) (1) (iii) on the ground that it was issued in excess of the arbitrator's power. During the underlying arbitration, the arbitrator determined a grievance to be arbitrable and concluded, among other things, that the grievant was entitled to claim benefits under an applicable New York law for November 17-18, 2020. Supreme Court granted the petition in part, vacating that portion of the arbitrator's award with regard to November 17-18, 2020, on the ground that the arbitrator "erroneously" found the matter to be arbitrable and thus exceeded his authority in interpreting the application of statutory entitlements. Respondent, Civil Service Employees Association, Inc., Onondaga County Local 834, now appeals from the order to that extent, and we reverse the order insofar as appealed from and deny the petition in its entirety.
"[J]udicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], cert dismissed 548 US 940 [2006]). Generally, courts " 'may vacate an arbitration award only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (Matter of Syracuse City Sch. Dist. [Gilbert], 192 AD3d 1643, 1644 [4th Dept 2021], quoting Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]).
We agree with respondent that the arbitrator did not exceed his authority when he determined the matter to be arbitrable. The parties' collective bargaining agreement (CBA) defines a grievance as a "claimed violation, misinterpretation or an inequitable application of a specific and express term of [the CBA]." Here, the grievance dealt with an alleged inequitable application of the grievant's leave accruals. We conclude that a reasonable relationship exists between the subject matter of the grievance and the general subject matter of the CBA and the matter is arbitrable (see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.], 93 NY2d 132, 143 [1999]). Notably, the parties included a Conformity to Law provision in the CBA, whereby the CBA and its provisions "are subordinate to any present or future Federal or New York State laws and regulations" (emphasis added).
We conclude that the arbitrator's review of relevant state law did not exceed "a specifically enumerated limitation on [his] power" (Syracuse City Sch. Dist., 192 AD3d at 1644).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court