Matter of Verma v Department of Educ. of the City of N.Y. (2025 NY Slip Op 06042)

Matter of Verma v Department of Educ. of the City of N.Y.

2025 NY Slip Op 06042

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Webber, J.P., Kennedy, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 156602/19|Appeal No. 5098|Case No. 2024-03889|

[*1]In the Matter of Vijay Verma, Petitioner-Appellant,
v
The Department of Education of the City of New York, et al., Respondents-Respondents.

Stewart Lee Karlin Law Group, P.C., New York (Stewart Lee Karlin of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (MacKenzie Fillow of counsel), for respondent.

Order, Supreme Court, New York County (Debra A. James, J.), entered May 23, 2024, which denied the petition to vacate an arbitration award terminating petitioner's employment, and granted respondent's cross-motion to dismiss the petition, unanimously affirmed, without costs.
The arbitrator's determination that petitioner's teaching performance was deficient during the relevant three-year period was supported by adequate evidence, including the testimony of school administrators and documentation. The determination was also rational, and not arbitrary and capricious (see Matter of Jackson v Department of Educ. of the City of New York, 184 AD3d 500, 501 [1st Dept 2020]; Matter of Johnson v Board of Educ. of the City Sch. Dist. of City of N.Y., 171 AD3d 548 [1st Dept 2019]; Lackow v Department of Educ. [or "Board"] of City of N.Y., 51 AD3d 563, 367 [1st Dept 2008]). The record includes written observational reports and testimony from school administrators and an independent peer evaluator demonstrating inadequate teaching, efforts at remediation, and lack of improvement over the three-year period. The evidence also showed that petitioner was "unwilling or unable to implement suggestions" despite substantial professional development opportunities (Matter of Benjamin v New York City Bd./Dept. of Educ., 105 AD3d 677, 678 [1st Dept 2013]).
Under the circumstances, the penalty of termination is "not shocking to one's sense of fairness" (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]; Matter of Johnson, 171 AD3d at 548-549).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025