Matter of Garanes v New York City Dept. of Educ. (2025 NY Slip Op 06785)

Matter of Garanes v New York City Dept. of Educ.

2025 NY Slip Op 06785

Decided on December 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 04, 2025

Before: Webber, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 100425/23|Appeal No. 5171|Case No. 2024-04737|

[*1]In the Matter of Katina Garanes, Petitioner-Appellant,
v
New York City Department of Education et al., Respondents-Respondents,

Glass & Hogrogian LLP, New York (Bryan D. Glass of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Diana Lawless of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Erika Edwards, J.), entered January 3, 2024, which, to the extent appealed from as limited by the briefs, denied the amended petition brought pursuant to CPLR article 75 to vacate an arbitration award, dated April 30, 2023, rendered after a hearing pursuant to Education Law § 3020-a, terminating petitioner's employment as a tenured teacher with respondent New York City Department of Education (DOE), and granted respondents' cross-motion to dismiss the amended petition, unanimously affirmed, without costs.
Petitioner was a tenured teacher employed by the DOE for approximately 18 years with no prior disciplinary record. The DOE commenced an investigation into petitioner's conduct after she was captured in a widely disseminated video directing a racially charged insult at a woman by calling her an "Asian bitch." This incident occurred on July 12, 2020, off school grounds. The investigation led to the discovery of additional discriminatory conduct by petitioner that was directed at students in her classroom. In one instance, petitioner asked a student if he was sure that he was Jewish and remarked that, "everyone who is Jewish knows about this." On another occasion, petitioner asked Muslim students to demonstrate their prayer and cleansing ritual in front of the class. In March 2020, petitioner told a student that he did not need to wear a mask to protect himself against COVID-19 because he was not Chinese.
The DOE charged petitioner with two sets of specifications based on her overall conduct. After a hearing, the Hearing Officer sustained the specifications related to the language heard in the video and the discriminatory classroom conduct that was disclosed by the investigation. Based on these findings, the Hearing Officer determined that petitioner should be terminated.
The penalty of termination was supported by the record, was not disproportionate to the offense, and does not shock one's sense of fairness (see Lackow v Department of Educ. [or "Board"] of City of N.Y., 51 AD3d 563, 569 [1st Dept 2008]). Under the facts of this case, Supreme Court properly denied the amended petition to vacate the arbitration award.
Here, the Hearing Officer properly considered (1) the gravity of the charges; (2) the fact that petitioner had recently participated in implicit bias training and received a copy of Chancellors Regulation A-830 which articulated DOE's anti-discrimination policy, and thus informed petitioner of her duty to conduct herself professionally both inside and outside of the classroom; (3) that petitioner should have known that her behavior would violate the DOE anti-discrimination policy which might result in disciplinary action; and (4) that petitioner failed to demonstrate remorse or take responsibility for her conduct (see Matter of Vagianos v City of New York, 151 AD3d 518, 519 [1st Dept 2017]; Matter of Douglas v New York City Bd./Dept. of Educ., 87 AD3d 856, 857 [1st Dept 2011]).
The Hearing Officer credited two reports prepared by DOE investigators who both interviewed petitioner's students and parents of students and testifiedat the hearing. The reports, which form part of the full evidentiary record, contained a plethora of allegations of discriminatory conduct by petitioner directed at Jewish, Muslim, Asian, Hispanic and African American students. Together, the testimony and the documentation supported the finding that petitioner is unfit to properly and effectively perform her obligations as a teacher to the Department (Matter of Colon v City of N.Y. Dept. of Educ., 94 AD3d 568 [1st Dept 2012]). Petitioner violated Chancellors Regulation A-830 by discriminating against students based on race, ethnicity, and national origin; and engaging in conduct unbecoming her teaching position that is prejudicial to the good order, efficiency, or discipline of the service.
In support of her application for reinstatement, petitioner relies upon Matter of Mauro v Walcott (115 AD3d 547 [1st Dept 2014]). There, we found that termination shocked the conscience of the Court when the petitioner's behavior demonstrated a one-time lapse in judgment. Here, petitioner's termination was based on the seriousness of the conduct depicted in the video and classroom behavior that established her pattern of discriminatory behavior. Although the video alone could have provided just cause for termination, the DOE established that termination was the appropriate penalty by presenting additional incidents of discriminatory conduct in the classroom that violated Chancellors Regulation A-830.
Notwithstanding petitioner's effective record during her approximately 18-year career with the DOE (see Matter of Villada v City of New that York, 126 AD3d 598, 599 [1st Dept 2015]), the penalty does not shock the conscience. Having received prior notice of the consequences of discriminatory behavior (Lackow, 51 AD3d at 659), petitioner nonetheless engaged in a pattern of inappropriate conduct unbecoming a teacher.
Petitioner's disagreement about the appropriateness of the penalty is not a basis to overturn an award that does not shock the conscience (see Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1068 [2018]). Moreover, petitioner's arguments challenging the basis for the Hearing Officer's factual findings, or whether he properly exercised his authority, were not articulated in the amended petition and are thus unpreserved (see Matter of Villada, 126 AD3d at 599). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 4, 2025